**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GERALD T. HILL,

Defendant - Appellant.

No. 12-30053

D.C. No. 3:10-cr-00044-MO-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted October 11, 2012
Portland, Oregon

Before: SILVERMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

Gerald T. Hill appeals the special conditions of supervised release imposed

by the district court, when Hill violated the terms and conditions of his prior

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

supervised release by being convicted of promoting the prostitution of his wife. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      While Hill was originally convicted of two drug crimes and was sentenced to one hundred months in prison, the district court did not abuse its discretion in imposing special conditions 4, 5, and 6 relating to the use and search of his computer, the internet, and his cell phone.  The prostitution of Hill's wife was accomplished via the internet and with use of a cell phone.  Whether or not it was proven that Hill himself used those devices in connection with the criminal conduct, the risk of such use in the future was evident and properly considered by the district court as part of an individualized assessment of Hill's circumstances. Further, the record indicates that posting victims of human trafficking or prostitution on various internet websites by using cell phones or laptops is the current method being used to promote such conduct.  Thus, we cannot say that the district court abused its discretion in determining that these conditions are "reasonably related to the goal of deterrence, protection of the public, [and] rehabilitation of the offender . . . ." *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003).

2.      The special conditions further do not involve a "greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *Id*.

2

Hill argues generally that conditions 4, 5, and 6, relating to these devices, are not narrowly tailored, because he did not personally use a computer-related device to post his wife's services on the internet. However, he does not point to any specific provision in the special conditions that is overly broad. The district court imposed conditions that relate to the purposes of supervised release, and conditions monitoring such devices are not a greater deprivation of liberty than is reasonably necessary. *See United States v. Quinzon*, 643 F.3d 1266, 1271-73 (9th Cir. 2011).

**AFFIRMED.**